UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BLACK POLITICAL EMPOWERMENT
PROJECT and PENNSYLVANIA
COMMUNITIES ORGANIZING FOR
CHANGE, INC., doing business as ACTION
UNITED,

                        Plaintiffs,

      v.

CAROL AICHELE, in her official capacity as
Secretary of the Commonwealth, GARY D.
ALEXANDER, in his official capacity as
Secretary of Public Welfare, and DR. ELI N.
AVILA, in his official capacity as Secretary of
Health,

                      Defendants.

C.A. No. 5:12-cv-03808-CMR

**PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO
CONDUCT LIMITED DISCOVERY ON AN EXPEDITED
BASIS AND TO SHORTEN TIME TO RESPOND TO MOTION**

Pursuant to Rules 26(d) and 34(b) of the Federal Rules of Civil Procedure and Local

Rules 26.1 and 7.1(c), plaintiffs, BLACK POLITICAL EMPOWERMENT PROJECT and

PENNSYLVANIA COMMUNITIES ORGANIZING FOR CHANGE, INC., doing business as

ACTION UNITED (hereinafter "Plaintiffs"), hereby move this Court for leave to conduct limited

expedited discovery into issues concerning Defendants' lack of compliance with the National

Voter Registration Act.  Plaintiffs also move to shorten the fourteen (14) day time period for

Defendants' response to this motion.

The basis for this Motion is set forth in the accompanying memorandum of law, which is incorporated herein by reference.

Dated: July 24, 2012

Respectfully submitted,
HOGAN LOVELLS

_____
By:   David Newmann (PA#82401)
      Virginia A. Gibson (PA#32520)
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(267) 675 4600

Counsel for Plaintiffs
Black Political Empowerment Project and
Pennsylvania Communities Organizing for Change,
Inc., doing business as ACTION United

Co-Counsel for Plaintiffs
(*pro hac vice applications to be submitted*):

David Rubino
Demos
220 Fifth Avenue
New York, New York 10001
(212) 485-6239

Sarah Brannon
Michelle Rupp
Project Vote
1350 Eye St NW, Suite 1250
Washington, DC 20005
(202) 546-4173 ext. 303

Bob Kengle
Alejandro Reyes
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
(202) 662-8389

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK POLITICAL EMPOWERMENT PROJECT and PENNSYLVANIA COMMUNITIES ORGANIZING FOR CHANGE, INC., doing business as ACTION UNITED, | |
| Plaintiffs, | C.A. No. 5:12-cv-03808-CMR |
| v. | |
| CAROL AICHELE, in her official capacity as Secretary of the Commonwealth, GARY D. ALEXANDER, in his official capacity as Secretary of Public Welfare, and DR. ELI N. AVILA, in his official capacity as Secretary of Health, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' EMERGENCY MOTION FOR LEAVE TO
CONDUCT LIMITED DISCOVERY ON AN EXPEDITED
BASIS AND TO SHORTEN TIME TO RESPOND TO MOTION**

Pursuant to Rules 26(d) and 34(b) of the Federal Rules of Civil Procedure and Local Rules 26.1 and 7.1(c), plaintiffs, BLACK POLITICAL EMPOWERMENT PROJECT and PENNSYLVANIA COMMUNITIES ORGANIZING FOR CHANGE, INC., doing business as ACTION UNITED (hereinafter "Plaintiffs'), hereby submit this memorandum of law in support of their motion for leave to conduct limited discovery.

**I. Background**

On July 5, 2012, Plaintiffs commenced an action against Defendants asking this Court, among other relief, to order Defendants to comply with Section 7 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg *et seq.*

To comply with Section 7 of the NVRA, public assistance offices in Pennsylvania are required to distribute forms that ask applicants if they would like to register to vote. *Id.* § 1973gg-5(a)(6). Unless the applicant declines in writing, Section 7 also requires public assistance offices to distribute voter registration application forms, to assist applicants in completing the forms, and to accept completed forms and deliver them to election authorities. *Id.* § 1973gg-5(a)(4)(A). Section 7 seeks to increase the number of registered voters for federal elections and to ensure that voter registration "will be convenient and readily available [for] the poor . . . who do not have driver's licenses and will not come into contact with the other principle [sic] place to register under" the NVRA, departments of motor vehicles. *Id.* § 1973gg-5(b)(1); H.R. Rep. No. 103-66, at 15 (1993) (House-Senate Conference Report).

As alleged in the Complaint, for many years, Pennsylvania has violated Section 7 of the NVRA. Pennsylvania's widespread and systemic violations of Section 7 are the result of flawed practices and policies, insufficient oversight and inadequate enforcement, and they have prevented tens of thousands of eligible low-income Pennsylvania citizens from exercising their right to vote in federal elections. Despite obvious violations, Defendants have made little effort to investigate the violations or to develop and implement practices and policies to bring Pennsylvania into compliance with Section 7 of the NVRA.

Time is of the essence. The deadline to register to vote in Pennsylvania for the 2012 federal election is October 9, 2012. Defendants' failure to fully implement the NVRA already has deprived countless eligible voters of the opportunity to register, and will deprive thousands more of that opportunity in the coming weeks unless enjoined. Defendants' failure also is forcing Plaintiffs to devote scarce resources to a more extensive voter registration effort than Plaintiffs would otherwise have to undertake if Defendants were complying with the NVRA.

Plaintiffs seek preliminary injunctive relief, asking this Court to order defendants to immediately develop and implement remedial practices and policies to ensure compliance with Section 7 of the NVRA well in advance of that registration deadline.

Plaintiffs move the court, under Rules 26(d) and 34(b) of the Federal Rules of Civil Procedure and Local Rules 26.1 and 7.1(c), to direct Defendants to respond to this motion within five (5) days of service thereof, and to order limited expedited discovery as set forth below.

### A. Proposed Briefing Schedule and Discovery Schedule

As stated above, the deadline to register to vote in Pennsylvania for the 2012 federal election is October 9, 2012. To allow sufficient time for Defendants to comply with any injunctive order well in advance of that deadline, Plaintiffs request that the Court direct Defendants' to respond to this motion on or before July 30, 2012, and that the Court hear argument on the motion at the status conference scheduled for July 30, 2012.

Plaintiffs further ask this Court to permit plaintiffs to take the following discovery before August 17, 2012:

(1) no more than one set of requests for production of documents to each defendant;

(2) no more than one set of interrogatory requests to each defendant;

(3) one deposition pursuant to Fed. R. Civ. P. 30(b)(6) for each defendant; and

(4) no more than four additional depositions.

The requested discovery is attached hereto, collectively, as Exhibit A.  Plaintiffs request that with regard to the Interrogatories and Document Requests, responses be ordered within ten (10) days of service thereof.  In addition, Plaintiffs seek the completion of expedited 30(b)(6) depositions at mutually agreed upon dates prior to August 17, 2012.

## II. Argument

### A.  Legal Standards

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."  Fed. R. Civ. Pro. 26(d).  An order for expedited discovery should be based on the "reasonableness of the request in light of all the surrounding circumstances." *Entm't Tech. Corp. v. Walt Disney Imagineering*, No. 03-3546, 2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003).

Some courts have held that factors considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *American LegalNet, Inc. v. Davis*, 673 F.Supp.2d 1063, 1067 (C.D. Cal, 2009).  *See also, Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) ("Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings."); Fed. R. Civ. P. 26(d) 1993 Advisory Committee Note (noting that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"); Moore's Federal Practice § 26.121 ("Expedited discovery is often appropriate in cases involving preliminary injunctions").

### B.  Expedited Factual Development is Warranted

The right to vote is a fundamental right under both federal and Pennsylvania law.  *See Lubin v. Panish*, 415 U.S. 709, 721 ("Voting is clearly a fundamental right.") (citing *Harper v.*

*Virginia Bd. of Elections*, 383 U.S. 663, 667 (1966); *Reynolds v. Sims*, 377 U.S. 533, 561-562 (1964)); PA. CONST. art. VII, § 1. Deprivations of that right undermine the American democratic system of government. *See Yick Wo v. Hopkins*, 118 U.S. 356, 370 (voting "is regarded as a fundamental political right, because preservative of all rights"). By curtailing citizens' right to register to vote, the Defendants are denying Pennsylvanians the right to participate in the basic democratic process. Moreover, they are also causing Plaintiffs to expend time, energy and resources registering voters that should have been registered by the Commonwealth. The Commonwealth's failure to comply with the NVRA thus diverts scarce resources from Plaintiffs and hinders Plaintiffs' efforts to fulfill their organizational missions.

The primary purposes of the requested expedited limited discovery are straightforward: to obtain admissible evidence to introduce at a hearing on plaintiffs' motion for a preliminary injunction that proves that the State is guilty of widespread systemic violations of Section 7 of the NVRA, to enable this Court to fashion an appropriate mandatory preliminary injunction to remedy those violations, and to enable the Commonwealth to implement the injunction before the October 9 registration deadline. In short, the requested discovery will enable this Court to prevent irreparable harm to tens of thousands of disenfranchised low-income Pennsylvania citizens.

The requested discovery is limited, both in time and scope, and will not be burdensome to Defendants. Specifically, as illustrated in Exhibit A, all discovery requests have been time limited to encompass only the years 2008 to the present[1]. Similarly, interrogatories have been

---

[1] The NVRA was implemented in 1995. Full and thorough discovery would therefore require a review of Defendants policies, procedures, data and implementation from that year to the present. In the interests of time, and to reduce any burdens claimed by the Defendants, Plaintiffs only seek a small fraction of the overall discovery requisite to litigate this matter in full.

limited to a maximum of twelve (12) total questions per defendant, and document requests number only twenty-one (21).

Moreover, Plaintiffs have given the Commonwealth advance notice of the matters into which it seeks early discovery, even before counsel entered an appearance in this matter, through Defendant Aichele on July 13, 2102.  Additional notice was given to the Attorney General's office on July 17, 2012, by sending drafts of the discovery requests sought.  Thus, defendants have already had time to review the requests and they will thus not be unduly burdened by a shortened time to propound responses. If this Court adopts Plaintiffs' proposed briefing schedule, discovery could commence immediately and end by August 17, 2012, that is, over four weeks after the initial notice and approximately three weeks from now.

Plaintiffs will serve the requests for production of documents and interrogatories immediately. Plaintiffs ask this Court, pursuant to Fed. R. Civ.P. 34(b)(2)(A) and Fed. R. Civ. P. 36(a)(3), to shorten the time for responding to the requests from 30 days to 10 days. Plaintiffs will confer with opposing counsel to attempt to schedule depositions at mutually convenient dates between now and August 17, 2012. If additional discovery is required, Plaintiffs will seek Defendants' consent or apply to this Court.

### C.  Shortened Response Time Is Required

Local Rule 7.1(c) provides that the Court may shorten the normal fourteen (14) day period for a party to respond to a motion. Here, considering the expedited need for the requested discovery, it is appropriate that Defendant's time to respond to the motion for expedited discovery be shortened per the schedule set forth above.

Defendants have been aware of Pennsylvania's widespread and systemic violations of Section 7 of the NVRA since at least on or about April 23, 2012, when they all received written

notification of the violations pursuant to 42 U.S.C. § 1973gg-9(b). Defendants have also been on notice since that time that, if a comprehensive plan for compliance was not developed, litigation would be initiated. Efforts to obtain Defendants' compliance with Section 7 of the NVRA have been unsuccessful. Thus, neither this action, nor the requested expedited limited discovery, nor Plaintiffs' motion for a preliminary injunction will surprise or prejudice Defendants.

## CONCLUSION

It is appropriate that typical discovery deadlines be set aside where the interests of plaintiffs is to ensure their resources for registering voters will not be wasted for the next election, and where these interests implicate such a fundamental right for Pennsylvanians. For all the above reasons, Plaintiffs move this Court to adopt the schedule proposed, and order the limited expedited discovery described above.

Respectfully submitted,

Dated: July 24, 2012

HOGAN LOVELLS

_____
By:   David Newmann (PA#82401)
      Virginia A. Gibson (PA#32520)
1835 Market Street, 29th Floor
Philadelphia, PA 19103
(267) 675 4600

Counsel for Plaintiffs
Black Political Empowerment Project and
Pennsylvania Communities Organizing for Change,
Inc., doing business as ACTION United

Co-Counsel for Plaintiffs

(*pro hac vice applications to be submitted*):

David Rubino
Demos
220 Fifth Avenue
New York, New York 10001
(212) 485-6239

Sarah Brannon
Michelle Rupp
Project Vote
1350 Eye St NW, Suite 1250
Washington, DC 20005
(202) 546-4173 ext. 303

Bob Kengle
Alejandro Reyes
Lawyers' Committee for
Civil Rights Under Law
1401 New York Avenue, NW
Suite 400
Washington, DC 20005
(202) 662-8389

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK POLITICAL EMPOWERMENT PROJECT and PENNSYLVANIA COMMUNITIES ORGANIZING FOR CHANGE, INC., doing business as ACTION UNITED, | |
| Plaintiffs, | C.A. No. 5:12-cv-03808-CMR |
| v. | |
| CAROL AICHELE, in her official capacity as Secretary of the Commonwealth, GARY D. ALEXANDER, in his official capacity as Secretary of Public Welfare, and DR. ELI N. AVILA, in his official capacity as Secretary of Health, | |
| Defendants. | |

**ORDER**

AND NOW, this _____ day of _____, 2012, upon consideration of plaintiffs' Motion to Shorten Defendants' Time to Respond to Plaintiffs' Motion for Leave to Conduct Limited Discovery on an Expedited Basis (the "Motion"), it is hereby ORDERED that the Motion is GRANTED.  Defendants shall respond to Plaintiffs' Motion for Leave to Conduct Limited Discovery on an Expedited Basis on or before July 30, 2012.  This Court shall hear argument on the motion at the status conference scheduled for July 30, 2012.

BY THE COURT:

_____
Hon. Cynthia M. Rufe, United States District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACK POLITICAL EMPOWERMENT PROJECT and PENNSYLVANIA COMMUNITIES ORGANIZING FOR CHANGE, INC., doing business as ACTION UNITED,<br><br>     Plaintiffs,<br><br>  v.<br><br>CAROL AICHELE, in her official capacity as Secretary of the Commonwealth, GARY D. ALEXANDER, in his official capacity as Secretary of Public Welfare, and DR. ELI N. AVILA, in his official capacity as Secretary of Health,<br><br>     Defendants. | C.A. No. 5:12-cv-03808-CMR |

**ORDER**

AND NOW, this _____ day of _____, 2012, upon consideration of plaintiffs' Motion for Leave to Conduct Limited Discovery on an Expedited Basis (the "Motion"), it is hereby ORDERED that the Motion is GRANTED as follows:

1. Plaintiffs are granted leave to serve immediately on defendants the proposed interrogatories, document requests, and Notices of Deposition attached to their Motion.

2. Defendants shall respond to the discovery requests on or before August 10, 2012, and submit to depositions, on or before August 17, 2012.

BY THE COURT:

_____
Hon. Cynthia M. Rufe, United States District Judge